IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LANCE W. RANKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-204-GKF-PJC |
| | ) | |
| JANICE STEIDLEY; MARK ISAAC; | ) | |
| GENE HAYNES; | ) | |
| AMANDA FORK, Claremore Police Dep't; | ) | |
| DONALD BECKER, Walmart Security, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On April 6, 2011, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff is in custody at the Rogers County Jail and appears *pro se*. By Order filed April 15, 2011 (Dkt. # 4), the Court granted Plaintiff's motion to proceed *in forma pauperis*, determined that the complaint was subject to dismissal as to certain defendants, and directed Plaintiff to file an amended complaint to cure deficiencies. On April 28, 2011, Plaintiff filed an amended complaint (Dkt. # 6).

As a preliminary matter, the Court notes that in his original complaint (Dkt. # 1), Plaintiff named Janice Steidley, Mark Isaac, and Gene Haynes as defendants. Those defendants are not named in the caption of the amended complaint. Because the amended complaint replaces and supersedes the original complaint, the Court finds Plaintiff has abandoned his claims against Defendants Steidley, Isaac, and Haynes, and those defendants shall be dismissed from this action.

**A. Dismissal standard**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative

level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Furthermore, under 28 U.S.C. § 1915A, the Court is required to screen a complaint filed by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, and to dismiss the complaint, or any portion of the complaint, if it fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a), (b).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct

a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. Plaintiff's claims**

In this case, Plaintiff's claims relate to a criminal charge presently pending in Rogers County District Court, Case No. CF-2010-611.[1] In his amended complaint (Dkt. # 6), Plaintiff names two (2) defendants, Amanda Fork, a police officer for the City of Claremore; and Donald Becker, identified as a security officer for Walmart. Plaintiff alleges that on November 12, 2010, Defendant Becker made a "false call" to the police. Thereafter, Officer Mark Isaac effected a traffic stop of the vehicle Plaintiff was driving and proceeded to conduct an unconstitutional search of the vehicle. Defendant Fork served as backup officer and "went along with what Isaac's [sic] was doing." See id. Based on those allegations, Plaintiff raises the following grounds for relief:

Count 1: On Nov. 12, 2010, Security at Wal-Mart, Donald Becker, made an error by calling the police. There is no law against having cold pills, and no law against having batteries. This call results me [sic] to be stopped by the police.

Count 2: On Nov. 12, 2010, Claremore Police Officer Mark Isaac pulled me over claiming my brake light was out. I could clearly see the reflection of my brake light in his windshield.

Count 3: On Nov. 12, 2010, Claremore Police Officer Amanda Fork, along with Officer Isaac, detained Tammy Ennis and myself. Officer Fork removed Miss Ennis, cuffed her, searched her and placed Miss Ennis in her patrol car. I was cuffed, searched, in the pouring rain, then detained in Officer Isaac's

---

[1]The docket sheet for Rogers County District Court, Case No. CF-2010-611, viewed at www.oscn.net, reflects that Plaintiff is charged with Possession of Material With Intent to Manufacture, After Prior Convictions. The case is presently set for district court arraignment on June 27, 2011.

3

>locked patrol car. Officer Isaac never said I was under arrest and he never read me my rights.
>
>A warrantless search was then conducted of my automobile, which according to Arizona vs. Gant (certiorari to the Supreme Court of Arizona [sic], No. 07-542) is an illegal search. Officer Isaac's search of my vehicle was with a dismantling vigor and the only thing I was guilty of is driving without a license and having a warrant in Mayes County. While helping out a friend by taking her to Wal-Mart for sinus pills, my Fourth Amendment rights were violated. I believe the City of Claremore Police Department is willingly ignoring this warrantless search law, and needs to be held accountable.

(Dkt. # 6). As relief, Plaintiff seeks "$75,000 seventy five thousand dollars, an apology letter, and a stop to warrantless searches." See id.

### C. Claim against Defendant Becker shall be dismissed

Plaintiff identifies Defendant Donald Becker as "Walmart security." See Dkt. # 6. He alleges that his troubles began when Defendant Becker made a "false call" to police. Plaintiff admits that at the time his claim arose, Defendant Becker was not acting under the color of state law. See id. at 1. Section 1983 provides as follows:

>Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995).

Based on Plaintiff's admission that Defendant Becker was not acting under color of state law at the time he placed the allegedly "false call" to police, Plaintiff's claim fails. Defendant Becker

4

shall be dismissed from this action based on Plaintiff's failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Any remaining claim shall be stayed pending resolution of criminal charge**

Plaintiff's amended complaint reflects that his claims arise from an allegedly unconstitutional arrest and detention that occurred on November 12, 2010. The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). The Tenth Circuit has extended Heck beyond the context of convictions to include claims challenging the validity of an arrest or prosecution on pending charges, such as the claims presented by Plaintiff in this case. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999) (stating that "Heck precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed"). However, in Wallace v. Kato, 549 U.S. 384 (2007), the United States Supreme Court held that the "Heck rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been ... invalidated,' that is to say, an 'outstanding criminal judgment.'" Id. at 393 (quoting Heck, 512 U.S. at 486-87). The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond Heck" and rejected it. Id. (italics in

5

original). Although the Supreme Court was considering when the statute of limitations begins to run on a false arrest/false imprisonment claim, the discussion quoted above means that the holding of Heck does not apply if a plaintiff has been arrested or charged, but not convicted.[2]

In Wallace, the Supreme Court also said that if a plaintiff files a § 1983 action challenging the validity of his arrest before he is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the federal district court's power, and accords with common practice, to stay the federal civil action until the criminal case or the likelihood of a criminal case is ended. Id. at 393-94. If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed. Id. at 394.

In this case, Plaintiff is awaiting arraignment. He has not been convicted. Therefore, the Court finds it is appropriate to follow the Supreme Court's suggestion and stay this case pending resolution of the criminal charge filed in Rogers County District Court. The Clerk of Court shall be directed to administratively close this matter. The Court retains complete jurisdiction, however, to reopen this case upon the application of Plaintiff should further litigation be necessary.

**E. Filing fee**

Despite the stay of this matter, Plaintiff remains obligated to continue making monthly payments, when sufficient funds are available, until the $350 filing fee is paid in full.

---

[2]The Court notes that the Tenth Circuit has continued to apply Heck to § 1983 cases based on pending criminal charges by relying upon Beck despite the existence of Wallace. See, e.g., Williams v. Weber Morgan Strike Force, 2009 WL 500666 (10th Cir. March 2, 2009); Carson v. Tulsa Police Dept., 266 Fed.Appx. 763, 766 (10th Cir. Feb. 21, 2008). Other circuits, however, have found that Wallace has unequivocally determined that Heck does not apply in a pre-conviction context. See Fox v. DeSoto, 489 F.3d 227, 234 (6th Cir. 2007); McClish v. Nugent, 483 F.3d 1231, 1251 (11th Cir. 2007); Zarro v. Spitzer, 274 Fed.Appx. 31, 35 (2d Cir. Apr. 18, 2008).

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Defendants Steidley, Isaac, and Haynes are not named as defendants in the amended complaint and are **dismissed without prejudice** from this action.

2. Defendant Becker is **dismissed without prejudice** from this action as a result of Plaintiff's failure to state a claim upon which relief may be granted.

3. This case is **stayed** pending resolution of the criminal charge against Plaintiff.

4. The Clerk shall **administratively close** the case.

5. If Plaintiff desires to continue with this case after disposition of the criminal charge against him, he must request that the stay be lifted within thirty days of disposition of the criminal charge, unless an appeal is filed. If he appeals, any request to lift the stay must be filed within thirty days of completion of the appellate process.

6. Plaintiff remains obligated to continue making monthly payments, when sufficient funds are available, until the $350 filing fee is paid in full.

DATED THIS 3rd day of June, 2011.

_Gregory K. Frizzell_
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma