**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LANCE W. RANKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-CV-204-GKF-PJC |
| ) | |
| JANICE STEIDLEY; MARK ISAAC; ) | |
| GENE HAYNES; ) | |
| AMANDA FORK, Claremore Police Dep't; ) | |
| DONALD BECKER, Walmart Security, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action. On April 28, 2011, Plaintiff filed an amended complaint (Dkt. # 6). By Order filed June 3, 2011 (Dkt. # 9), the Court determined that because previously named defendants Steidley, Isaac and Haynes were not named in the amended complaint, Plaintiff had abandoned his claims against those defendants and they were dismissed. The Court also found that the complaint failed to state a claim as to Defendant Becker and he was dismissed. See id. As to any remaining claim, the Court entered a stay pending resolution of Plaintiff's criminal charge which was pending in Rogers County District Court, Case No. CF-2010-611. On July 6, 2011, the undersigned received a letter from Plaintiff (Dkt. # 10) stating that he has "settled" his case in Rogers County and asking if "there would be any possible way of getting an attorney apointed [sic] to me." On August 4, 2011, the Clerk of Court received a letter concerning payment of the filing fee (Dkt. # 12). For the reasons discussed below, the Court finds the stay entered in this matter shall be lifted and the case reopened. However, the amended complaint fails to state a

claim upon which relief may be granted. For that reason, the amended complaint shall be dismissed.

**A. Request for appointment of counsel**

The letter received on July 6, 2010, was filed of record as a motion for appointment of counsel. See Dkt. # 10. In the case of an indigent plaintiff, the Court has discretion to appoint an attorney to represent the plaintiff where, under the totality of circumstances of the case, the denial of counsel would result in a fundamentally unfair proceeding. McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir. 1985). The Tenth Circuit Court of Appeals has stated that "'if the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts.'" Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quoting McCarthy, 753 F.3d at 838). In light of the procedural posture of this case, the Court finds Plaintiff's motion for appointment of counsel shall be denied.

**B. Amended complaint shall be dismissed**

Upon further review of this matter, the Court finds the stay entered in this matter shall be lifted and the case shall be reopened. Although Plaintiff's pending criminal charge has now been "settled" and Plaintiff has been convicted,[1] Plaintiff's claims that he was subjected to an unlawful search, if successful, would not necessarily imply the invalidity of his conviction. See Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994) (stating that because of doctrines like independent source, inevitable discovery, and especially harmless error, a § 1983 action seeking damages attributable

---

[1] The docket sheet for Rogers County District Court, Case No. CF-2010-611, viewed at www.oscn.net, reflects that on July 5, 2011, Plaintiff entered a plea of *nolo contendere* to Count 1, Possession of Material With Intent to Manufacture. He was sentenced to twenty (20) years in custody of the Oklahoma Department of Corrections, of which ten (10) years are suspended.

to an allegedly unreasonable search, even if successful, would not necessarily imply that the plaintiff's outstanding conviction was unlawful). For that reason, the holding of Heck does not preclude the Court's consideration of Plaintiff's claims even though he has now been convicted.

Nonetheless, the Court finds the amended complaint shall be dismissed for failure to state a claim upon which relief may be granted. To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

After entry of the Court's Opinion and Order on June 3, 2011 (Dkt. # 9), only one defendant, Amanda Fork, identified by Plaintiff as a police officer for the City of Claremore, remains in this action. Plaintiff states that Officer Fork "was back up officer on the seen [sic], and she went along with what Isaacs was doing." See Dkt. # 6. He further states that Officer Fork removed the passenger in his vehicle, Tammy Ennis, and "cuffed her, searched her and placed Miss Ennis in her patrol car." Id. No further conduct by Officer Fork is described. Officer Fork's detention of Plaintiff's passenger fails to state a claim for violation of Plaintiff's constitutional rights. Plaintiff does not allege that Officer Fork participated in either the allegedly unlawful stop of his vehicle or the alleged unlawful search of his vehicle. Officer Fork's presence at the scene is insufficient for § 1983 liability. In the absence of personal participation, Plaintiff's amended complaint fails to state a claim against Officer Fork in her individual capacity. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (personal participation is an essential element of a § 1983 claim); see also Garrett v. Stratman, 254 F.3d 946, 950 n.4 (10th Cir. 2001). The Court further finds the amended complaint fails to state a claim against Officer Fork in her official capacity. In order to succeed on an official capacity claim against a county or municipal official under section 1983, a plaintiff must allege that he suffered injuries of a constitutional magnitude as the result of an official policy, custom, or practice. Monell v. Department of Social Servs., 436 U.S. 658, 690 (1978); Meade v. Grubbs, 841 F.2d 1512, 1529 (10th Cir. 1988). Plaintiff has not alleged facts sufficient to state a claim against Officer Fork in her official capacity. Plaintiff's amended complaint shall be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**C. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**D. Filing fee obligations**

On August 4, 2011, the Clerk of Court received a letter from Plaintiff (Dkt. # 12) acknowledging his obligation to continue making monthly payments until he has paid the full filing fee for this case and for another civil rights case currently pending in this Court, N.D. Okla. Case No. 11-CV-311-CVE-PJC. He asks that he be allowed to pay the filings fees for the two cases, one case at a time.

Plaintiff shall be allowed to pay the filing fees one case at a time. Because Plaintiff filed this case first, he shall be required to satisfy the filing fee requirement for this case first. Therefore, when the balance in Plaintiff's account(s) exceeds $10.00, officials at the Rogers County Jail shall continue to collect 20 percent of the preceding month's income credited to Plaintiff's account and forward the payment to the Clerk of Court until Plaintiff has paid the full filing fee for this case. Once the full filing fee has been collected for this case, officials at the jail shall continue collecting

and forwarding 20 percent of the preceding month's income credited to Plaintiff's account until Plaintiff has paid the full filing fee for N.D. Okla. Case No. 11-CV-311-CVE-PJC.

The Court's records reflects that in this case, Plaintiff has submitted three (3) partial payments totaling $125.55. Therefore, the current balance owed for this case is **$224.45**.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. The previously imposed stay is **lifted** and this matter is **reopened**.
2. Plaintiff's motion for appointment of counsel (Dkt. # 10) is **denied**.
3. The amended complaint (Dkt. # 6) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).
4. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).
5. Plaintiff remains obligated to continue making monthly payments, when sufficient funds are available, until the $350 filing fee is paid in full. The current balance owed for the filing fee in this case is **$224.45**.
6. Plaintiff shall be allowed to pay the filing fees for this case and for N.D. Okla. Case No. 11-CV-311-CVE-PJC one case at a time as directed herein.
7. The Clerk shall send a copy of this Opinion and Order to jail officials at the Rogers County Jail.

DATED THIS 18th day of August, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma